IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. PETSMART, INC.<br><br>　　　　Plaintiff,<br><br>v.<br><br>1. DANCOR CONSTRUCTION, INC.<br><br>　　　　Defendant. | Case No.: 17-cv-361-CVE-mjx<br>**JURY TRIAL DEMANDED**<br><br>**Per LCvR3.1:** This action is not related to any previously filed cases in this court. |

## COMPLAINT

Plaintiff PetSmart, Inc., for its Complaint against Defendant Dancor Construction, Inc., alleges as follows:

### PARTIES

1.  This is an action for breach of contract and contractual indemnification arising out of a construction project at a PetSmart retail store located at the North East corner of 101st St. and S. Memorial Dr. in Tulsa Oklahoma ("PetSmart Store").

2.  A true and correct copy of the contract between PetSmart and Dancor Construction, Inc. ("The Contract") is attached hereto and incorporated by reference as Exhibit 1.

3.  Plaintiff, PetSmart, Inc. ("PetSmart") is an Arizona corporation with its principal place of business and its headquarters located in Phoenix, Arizona.

4.  Defendant, Dancor Construction, Inc. ("Dancor") is a Florida corporation with its principal place of business and headquarters located in Santa Rosa Beach, Florida.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction over this action based on diversity of citizenship under 28 U.S.C. §1332(a)(1) because this case is a civil action between citizens of different States. Additionally, the matter in controversy exceeds $75,000, exclusive of costs and interest.

6.  Venue is proper in this judicial district under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred within this judicial district.

7.  This Court has personal jurisdiction over Defendant Dancor, pursuant to and consistent with the Constitutional requirements of Due Process because: Dancor purposefully directed its activities to the State of Oklahoma; Dancor's actions giving rise to this lawsuit took place within the State of Oklahoma; and Dancor availed itself of the laws of Oklahoma when Dancor contracted with PetSmart and with multiple Oklahoma subcontractors to perform the work on the PetSmart Store in Tulsa, Oklahoma.

## COUNT I-BREACH OF CONTRACT

8.  Plaintiff incorporates by reference paragraphs 1-7.

9.  PetSmart and Dancor entered into The Contract to construct the PetSmart Retail Store referenced in paragraph 1, *supra*. (Exhibit 1).

10. Under the terms of The Contract, PetSmart agreed to pay Dancor a total of One Million Two Hundred Sixty-Nine Thousand Three Hundred Ninety-Seven Dollars ($1,269,397.00) to be paid periodically to complete all work, including the work of any subcontractors, materials, and other requirements needed to complete the entire project of

2

constructing The Store. (Ex. 1, Section 4-"The Contract Sum", Section 5-"Progress Payments").

11.　　PetSmart performed all conditions precedent to Dancor's final and complete performance under The Contract.

12.　　The Contract required Dancor to pay its subcontractors from the foregoing Contract Sum within set payment periods. (Ex. 1, Sections 4-"The Contract Sum"; Section 5-"Progress Payments"; and Section 6-"Final Application for Payment").

13.　　Dancor failed to pay its subcontractors, and failed to provide bonds sufficient to remove any lien rights of such subcontractors, as Dancor contracted to do. (Ex. 1, Section 5-"Progress Payments" and 6-"Final Application for Payment").

14.　　As a result of Dancor's breach of The Contract, Dancor's subcontractors filed liens affecting the property rights of PetSmart and PetSmart's lessor in amounts in excess of $490,000 (Four hundred, ninety-thousand dollars).

15. PetSmart's lease requires PetSmart to remove any liens on PetSmart's lessor's property within thirty (30) days of receipt of notice of such liens, after which, the lease permits PetSmart's lessor to pay the liens and obtain reimbursement from PetSmart.

16.　　As a result of Dancor's breach of contract, PetSmart was required to obtain corporate surety bonds at a total penal sum of $638,000 (six hundred thirty-eight thousand dollars) to discharge the foregoing liens.

17.　　The Contract further provides that Dancor was to complete all contracted construction regarding The Store by December 26, 2016.　 (Ex. 1, Section 3-"Construction Start Date and Construction Completion Date").

3

18. Dancor did not complete construction of The Store by December 26, 2016 as contracted, and The Store remains uncompleted as of the date of filing of this Complaint.

19. The Contract provides that: "For each day following the twentieth day (20th) after the Substantial Completion Date that Contractor fails to complete all items in the Punch List in their entirety, the Contractor [Dancor] shall be obligated to pay Client [PetSmart] the sum of Five Hundred Dollars ($500.00) per day as reasonable liquidated damages, and not as a penalty ("Liquidated Damages") to reimburse client for the additional administration required of its personnel and impaired or lost business opportunities caused by Contractor's delay." (Ex. 1, Section 6-"Final Application for Payment").

20. In addition to the damages identified above, and as a result of Dancor's failure to complete all "Punch List" items since January 16, 2017 (20 days after the final completion date of December 26, 2016), PetSmart has incurred $78,000.00 (Seventy-eight thousand dollars) in liquidated damages as of the date of filing this Complaint on June 22, 2017.

**WHEREFORE**, Plaintiff PetSmart respectfully requests that this Court enter judgement in its favor and against Dancor in an amount in excess of $75,000 exclusive of interest and costs for direct, consequential, and liquidated damages for Dancor's breach of contract with PetSmart, as well as for costs, interest, and any additional relief this Court deems just.

4

## COUNT II-CONTRACTUAL INDEMNIFICATION

21. Plaintiff incorporates by reference paragraphs 1-21.

22. The Contract states that: "Contractor [Dancor] shall indemnify, protect, defend and hold harmless Client [PetSmart], Client's lessor at the Project and any fee owner of the Project…from and against any and all claims, demands, losses, liabilities, damages, costs and expenses…arising out of…[a]ny breach or default by Contractor of any obligation of Contractor…under this Agreement. (Ex. 1, Section 9.1-"Indemnification").

23. The Contract further states that: "Contractor agrees to defend, at Contractor's sole costs and expense, each Indemnified Person in any action or proceeding arising out of any such Claims, by counsel selected by the Indemnified Person, and to pay promptly all costs and expenses arising in connection with such defense, including without limitation, attorney's, consultants' and expert witness fees, as they become due." (Ex. 1, Section 9.1-"Indemnification").

24. As a result of Dancor's breach of The Contract and resulting liens filed by the subcontractors identified herein, PetSmart has incurred and will in the future incur substantial damages. These damages will include: attorney fees and costs; costs or fees to obtain and file corporate surety bonds to discharge the liens; costs and fees to litigate liens and lawsuits filed by Dancor's subcontractors; costs and expenses to complete the contracted construction regarding The Store; and costs and attorney fees to enforce the terms of The Contract.

**WHEREFORE**, Plaintiff PetSmart respectfully requests that this Court enter judgement in its favor and against Dancor Construction, Inc. in an amount as set forth in this Complaint and to be proven at trial, plus Plaintiff's attorney fees and any additional relief this Court deems just.

Respectfully submitted,

*Robert H. Alexander, Jr.*
Robert H. Alexander, Jr., OBA # 197
Robert W. Ivy, OBA #20909

--of the firm--

**The Law Office of
Robert H. Alexander, Jr., p.c.**
Cotter Ranch Tower, 18th Floor
100 North Broadway - Post Office Box 868
Oklahoma City, Oklahoma 73101-0868
(405) 232-0803
(405) 232-0519 Fax
alexattys@productlaw.com
**Attorneys for Plaintiff
PetSmart, Inc.**