# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

(1) PETSMART, INC. )
)
               **Plaintiff,** )
)
vs )    Case No. 17-cv-361-CVE-mjx
)
(1) DANCOR CONSTRUCTION, INC., )
)
               **Defendant.** )

## COUNTERCLAIM OF DEFENDANT

COMES NOW Defendant Dancor Construction, Inc. ("Defendant") and for its Counterclaim against Plaintiff Petsmart, Inc. alleges as follows:

1. To the extent that jurisdiction and venue is required, the Defendant adopt and reaver paragraphs 1-7 of Plaintiff's complaint.

## COUNT I - BREACH OF CONTRACT

2. While Defendant denies that Plaintiff's Exhibit 1 is the entire contract, Defendant asserts that it does contain certain relevant terms, including the payment schedule.

3. Specifically, Section 6 states, "within twenty (20) days after the later to occur of (i) the completion of the Work and all items on the punch list ("Punch List") and (ii) the issuance of a certificate of occupancy for the Project by the appropriate governmental authorities ("Substantial Completion Date"), the Contractor shall submit to the Client; (a) final Application for Payment certifying that the Work has been substantially completed in accordance with the Contract Documents, (b) original notarized unconditional final lien waiver from Contractor and all persons having lien rights with respect to the Project, including subcontractors ("Unconditional Final Lien Waivers"), (c) Approved Change

    Orders including backup, and (d) evidence of satisfaction or expiration of any local or state notice of completion statutes. In the event hat any subcontractor fails or refuses to provide an Unconditional Final Lien Waiver due to a dispute with Contractor, Contractor will provide bonds sufficient to remove any lien rights of such person in lieu of a Lien Waiver.

4. The Certificate of Substantial Compliance was issued on January 11, 2017. (Ex 1)

5. The Certificate of Occupancy was issued by the City of Tulsa on January 17, 2017. (Ex. 2)

6. Defendant Dancor caused Liberty Mutual Insurance to post a surety bond in the amount of $215,650.50 (Bond No. 285055600) recorded with the Tulsa County Clerk, Doc. L2017003280, to satisfy the last requirement of the contract.

7. Payment has been demanded by Dancor and Plaintiff has refused to make said payment.

8. The Defendant is entitled to the "hold back" of $126,939.70 plus any hold backs from the change orders.

WHEREFORE, the Defendant pray this Court will enter an order awarding judgment to the Defendant in the amount of $126,939.70 plus any hold backs from the change orders, court costs, and a reasonable attorney fee.

            Respectfully Submitted,

            /s/ John M. Dunn
            John M. Dunn, OBA# 20975
            616 South Main, Suite 206
            Tulsa, OK 74103
            (918) 526-8000
            (918) 359-5050 Facsimile
            jmdunn@johndunnlaw.com
            Attorney for Defendant Dancor Construction, Inc.

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 5th day of November, 2017, a true and correct copy of the above and foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System, and the attorney(s) of record will receive notification of such filing via the CM/ECF system.

                                                                                   /s/ John M. Dunn
                                                                                    John M. Dunn