IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PETSMART, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 4:17-cv-00361-CVE-JFJ |
| v. | ) |
| | ) |
| DANCOR CONSTRUCTION, INC. | ) |
| | ) |
| Defendant. | ) |

**MOTION OF PLAINTIFF PETSMART, INC. TO JOIN THE PRESIDENT OF DEFENDANT DANCOR CONSTRUCTION, INC., DANIEL POLICICCHIO, SR., AS A PARTY DEFENDANT IN PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff, PetSmart, Inc., ("PetSmart") respectfully moves the court pursuant to Fed. R. Civ. P. Rule 15(a) for an order granting PetSmart leave to join the President of Defendant Dancor Construction, Inc., Daniel Policicchio, Sr., as a party defendant in PetSmart's Amended Complaint. In support of this motion, PetSmart states as follows:

1. On March 20, 2018, the court entered an order granting Plaintiff leave to amend its Complaint on March 27, 2018, and for Defendant to join third party defendants at the same time that Defendant answers the Amended Complaint. (Order, Doc. #36).

2. While finalizing its Amended Complaint for the filing due date of March 27, 2018, Plaintiff discovered that Defendant's President should be joined as a party because he used Defendant Dancor Construction, Inc. to perpetrate a fraud on Plaintiff as well as on other Oklahoma based subcontractors which Defendant has already represented that it will add as third party defendants when it answers Plaintiff's Amended Complaint. (Doc. #32; see also Order, Doc. #36).

3. Leave to join parties "should be freely given "when justice so requires*." United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009). In this

matter, justice requires the joinder of the President of Dancor Construction, Inc. as a party because, as will be alleged in the Amended Complaint, he is personally responsible under Oklahoma and Florida law (Dancor Construction, Inc. is incorporated in Florida) for personally using the defendant corporation Dancor Construction, Inc. to perpetrate a fraud on Plaintiff. (*See e.g., Sautbine v. Keller*, 1966 OK 209, ¶15, 423 P.2d 447, 451(Okla. 1966); *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1120 (Fla. 1984).

4.  District courts may withhold leave to amend only for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

5.  In the instant matter, there is no undue delay or dilatory motive. Plaintiff identified the claim it seeks to assert against Defendant's President during a detailed analysis of the facts known to date, in order to ensure that Plaintiff's Amended Complaint pleaded fraud with particularity against Dancor Construction, Inc., as required by Fed. R. Civ. P. Rule 9(b). Plaintiff makes the requested relief within days of that discovery. Additionally, the instant request is made before any formal discovery has commenced and while both parties remain in the process of finalizing their pleadings by adding new claims and new parties.

6.  There would be no prejudice to the opposing party by virtue of allowance of the requested relief because Dancor Construction, Inc.'s President is both fully aware of this litigation as the President of Dancor Construction, Inc., and fully able to avail himself of any available defenses because the pleadings remain in the process of becoming finalized.

7.  Finally, Plaintiff seeks no delay as a result of the requested relief. Should the

court grant the requested relief, Plaintiff is prepared to join Dancor Construction, Inc.'s President as a party in Plaintiff's Amended Complaint without changing the upcoming due date for the filing of that Amended Complaint on March 27, 2018, which has previously been granted by this court. (Order, Doc. #36).

8.  Counsel for Defendant has been contacted and objects to this motion.

**WHEREFORE**, Plaintiff PetSmart, Inc. respectfully requests that this Court enter an order pursuant to Fed. R. Civ. P. Rule 15(a) granting Plaintiff leave to join the President of Dancor Construction, Inc., Daniel Policicchio, Sr., as a party defendant in Plaintiff's Amended Complaint.

Respectfully submitted,

/s Robert W. Ivy_____
Robert H. Alexander, Jr., OBA # 197
Robert W. Ivy, OBA #20909

--of the firm--

**The Law Office of
Robert H. Alexander, Jr., p.c.**
Cotter Ranch Tower, 18th Floor
100 North Broadway - Post Office Box 868
Oklahoma City, Oklahoma 73101-0868
(405) 232-0803
(405) 232-0519 Fax
alexattys@productlaw.com
**Attorneys for Plaintiff
PetSmart, Inc.**

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 24, 2019, I filed the attached document with the Clerk of Court. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to the following registered participants of the Electronic Case Filing System.

John M. Dunn

                                              /s Robert W. Ivy_____
                                              Robert W. Ivy