# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

PETSMART, INC., )
                     Plaintiff, )
v. ) Case No. 17-CV-0361-CVE-JFJ
DANCOR CONSTRUCTION, INC. and )
DANIEL J. POLICICCHIO, SR., )
                     Defendants. )

## OPINION AND ORDER

Now before the Court are the following motions: defendant Daniel J. Policicchio, Sr.'s Motion to Vacate Entry of Default and Brief in Support (Dkt. # 63); Petsmart's Motion for Default Judgment against Daniel J. Policicchio, Sr. and Brief in Support (Dkt. # 102); Petsmart Inc.'s Motion for Summary Judgment against Dancor Construction, Inc., and Brief in Support (Dkt. # 107); Plaintiff Petsmart's Motion to Deem Confessed Its Motion for Sanctions against Dancor Construction, Inc., and Supporting Brief (Dkt. # 114); and Plaintiff Petsmart's Motion to Deem Confessed Its Motion for Summary Judgment against Dancor Construction, Inc., and Supporting Brief (Dkt. # 115). On May 31, 2018, the Court Clerk found that defendant Daniel J. Policicchio, Sr. had failed to plead or otherwise defend against plaintiff Petsmart, Inc.'s (Petsmart) claims and entered clerk's entry of default pursuant to Fed. R. Civ. P. 55(a). Dkt. # 53. Policicchio asks the Court to set aside the clerk's entry of default, because he was not culpable for the default and he disputes the amount of damages sought by Petsmart. Dkt. # 63. Petsmart argues that Policicchio was aware of this lawsuit and purposefully failed to file a timely answer, and Petsmart asks the Court to enter default judgment against Policicchio in the amount of $928,814. Dkt. # 102.

Petsmart also seeks summary judgment against Dancor Construction, Inc. (Dancor) on its claims of breach of contract and fraud. Dancor has not filed a response to the motion for summary judgment.

**I.**

On June 23, 2017, Petsmart filed this case alleging claims of breach of contract and contractual indemnification against Dancor. John Dunn entered an appearance on behalf of Dancor and Dancor filed an answer. Dkt. ## 14, 16. Petsmart filed a motion for leave to file an amended complaint adding Policicchio as a party and asserting additional claims. Dkt. # 37. The motion was granted and Petsmart filed an amended complaint.

In the amended complaint, Petsmart alleges that it hired Dancor to construct a retail store in Tulsa, Oklahoma, and it agreed to pay Dancor $1,269,397 to complete the project. Dkt. # 39, at 3. Petsmart agreed to make periodic payments to Dancor during the construction, and Dancor was contractually obligated to pay subcontractors using those funds. Id. Petsmart alleges that Dancor failed to pay the subcontractors, and the subcontractors filed liens on Petsmart's property in amounts in excess of $490,000. Id. Petsmart was required to obtain corporate surety bonds for a total sum of $638,000 and it has paid over $196,000 to lienholders who filed liens against the Petsmart store. Id. at 4. The contract between Petsmart and Dancor required Dancor to complete construction of the new store no later than December 26, 2016, but Petsmart alleges that work had not been completed as of the filing of the amended complaint on March 27, 2018. Id. The contract also imposes a penalty of $500 per day as liquidated damages for each day after December 26, 2016 that the work was not completed, and Petsmart states that it was owed liquidated damages in the amount of $218,000 as of March 27, 2018. Petsmart alleges claims of breach of contract, contractual indemnification, and fraud (counts one, two, and three) against Dancor. Petsmart also asserts that

2

Dancor's president, Policicchio, committed fraud by representing to Petsmart that he had paid subcontractors as required by the contract, even though Policicchio knew that the subcontractors had not been paid. Id. at 8-10.

Dancor filed an answer (Dkt. # 42) to the amended complaint, but Dancor's attorney, John Dunn, was subsequently granted leave to withdraw as Dancor's counsel.[1] Dkt. # 45. Petsmart filed a return of service (Dkt. # 47) stating that it had personally served Policicchio on May 5, 2018 with a summons and copy of the amended complaint. On May 31, 2018, Petsmart filed a motion for clerk's entry of default against Policicchio, because Policicchio had failed to file an answer or otherwise respond to the amended complaint. Dkt. # 51. The Court Clerk entered Policicchio's default (Dkt. #53). On June 4, 2018, Gregg Lytle entered an appearance on behalf of Policicchio and, ten days later, filed a motion to vacate the clerk's entry of default. Dkt. ## 55, 63. New counsel for Dancor, Archer Scott McDaniel, entered an appearance on June 5, 2018. Dkt. # 59. Dancor and Petsmart have been engaged in ongoing discovery disputes, and the primary dispute concerns the depositions of Policicchio and a corporate representative of Dancor. Dkt. # 92, at 2. Dancor has executed an assignment for the benefit of creditors (ABC) and Dancor has advised Petsmart that it no longer intends to defend against Petsmart's claims. Id. at 3. Petsmart has filed a motion for default judgment against Policicchio (Dkt. # 102), and Petsmart asks the Court to enter judgment against Policicchio in the amount of $928,814.01. Dkt. # 103 (declaration of plaintiff's counsel). Petsmart has filed a motion for summary judgment (Dkt. # 107) and a motion for

---

[1] Dunn stated that Dancor had "wholly failed to comply with the terms of the contract with counsel or cooperate with counsel during other pending litigation . . . ." Dkt. # 44, at 2. In particular, Dunn notified Dancor that Petsmart was seeking to take a deposition of Dancor's corporate representative, and Dancor would not designate a corporate representative or authorize Dunn to attend the deposition. Id.

3

sanctions (Dkt. # 106) against Dancor, and in both motions Petsmart asks the Court to enter judgment against Dancor for an unspecified amount.

## II.

Policicchio asks the Court to set aside the clerk's entry of default (Dkt. # 53), because he did not willfully or intentionally default and he has a meritorious defense against Petsmart's claims. Dkt. # 63, at 4-5. Petsmart responds that Policicchio has not stated any legitimate basis to set aside the Court Clerk's entry of default, and Petsmart asks the Court to enter default judgment against Policicchio. Dkt. # 102.

The Federal Rules of Civil Procedure authorize the entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules. . . ." Fed. R. Civ. P. 55(a). The court may set aside the entry of default for "good cause shown." Fed. R. Civ. P. 55(c). The standard for setting aside entry of default "poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." Dennis Garberg & Associates, Inc. v. Pack-Tech Intern. Corp., 115 F.3d 767, 775 n.6 (10th Cir. 1997). "In deciding whether to set aside an entry of default, courts may consider, among other things, 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" Pinson v. Equifax Credit Information Servs., Inc., 316 F. App'x 744 (10th Cir. Mar. 10, 2009) (quoting Dierschke v. O'Cheskey, 975 F.2d 181, 183 (5th Cir. 1992)).[2] Default judgments are not favored, as the preferred practice is to decide cases on their merits. Katzson Bros., Inc. v. United States Environmental

---

[2] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

Protection Agency, 839 F.2d 1396, 1399 (10th Cir. 1988); Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir. 1970). The defaulting party has the burden to prove that the entry of default should be set aside. Nikwei v. Ross School of Aviation, Inc., 822 F.2d 939, 943 (10th Cir. 1987).

The Court will initially consider whether Policicchio's default was excusable. In his motion to vacate the entry of default, Policicchio argues that his conduct was excusable and he did not purposefully fail to file a timely answer. Policiccio states that he was working in California when he was served with process and Dancor's attorney, Dunn, had withdrawn from his representation of Dancor shortly before Policicchio was served. Dkt. # 63, at 4. Policicchio claims that he does not regularly conduct business in Oklahoma and he was unfamiliar with local attorneys as he sought counsel to represent him against Petsmart's claims. Id. Petsmart argues that Policicchio was president and CEO of Dancor, and he had notice that Petsmart had filed an amended complaint naming him as a party. The amended complaint was filed just over a month before Dunn withdrew from his representation of Dancor, and Dancor filed a timely answer (Dkt. # 42) to the amended complaint. Dunn withdrew from the case because Dancor was refusing to participate in discovery and would not identify a corporate representative to participate in a Rule 30(b)(6) deposition. Dkt. # 44, at 2. The Court allowed Dunn to withdraw from the case on May 1, 2018, but his withdrawal was subject to certain conditions. Dkt. # 45. One of these conditions was that Dunn continue to serve as counsel until either new counsel entered an appearance on behalf of Dancor or Dancor's deadline to retain new counsel expired. Id. Policicchio acknowledges that Dunn complied with the Court's order, but he claims that Dunn did not represent Policicchio and Dunn had no obligation to file an answer on Policicchio's behalf. Even though Dunn did not represent Policicchio, Policicchio was the president of Dancor and he would have been aware that Petsmart had filed an amended

5

complaint naming Policicchio as a party. Dunn's withdrawal from his representation of Petsmart in May does not tend to show that Policicchio's failure to file a timely answer is excusable, because he could have been looking for counsel to represent him in his individual capacity after the amended complaint was filed on March 27, 2018. Policicchio offers no explanation as to why he waited in attempting to locate counsel, and the Court finds that Policicchio has not shown that his failure to timely obtain counsel and file an answer is excusable.

Policicchio argues that Petsmart will not be prejudiced if the Court Clerk's entry of default is set aside, because he promptly filed a motion to set aside the entry of default after he obtained counsel. Dkt. # 63, at 5. Policicchio claims that he was prejudiced by the Court Clerk's entry of default, because he was unable to take depositions of Petsmart representatives and seek other forms of discovery from Petsmart. Dkt. # 109, at 5. Petsmart argues that Dancor and Policicchio engaged in bad faith litigation conduct, and Petsmart claims that it would be prejudiced if the Court were to set aside the clerk's entry of default and allow Policicchio to engage in untimely discovery. Dkt. # 102. The Court finds that Petsmart has not shown that it will be prejudiced if the clerk's entry of default is set aside. The mere fact that Petsmart would have to prosecute its fraud claim against Policicchio is not the type of prejudice that would warrant denial of a motion to set aside clerk's entry of default, and Petsmart's complaints about Dancor's and Policicchio's bad faith conduct during discovery were resolved in proceedings before the magistrate judge.

Policicchio asserts that he has a meritorious defense to Petsmart's claims. In his motion to vacate the entry of default, Policicchio states that he has a meritorious defense, but he fails to explain what that defense might be. Id. However, Policicchio's response to Petsmart's motion for default judgment provides some clarification of the issues in dispute. Policicchio argues that some

of the subcontractors were paid by credit card, and he claims that Petsmart's damages calculation does not take these payments into account. Dkt. # 109, at 2-3. Policicchio claims that Petsmart never paid all of the funds owing to Dancor under the contract that would have been owed upon completion of the work, and Policicchio states that Petsmart could have used these funds to pay subcontractors. Id. at 3. Finally, Policicchio argues that he did not individually receive a financial windfall due to the non-payment of any subcontractors and any funds paid by Petsmart were kept and used by Dancor to pay its business expenses. Id. All of Policicchio's arguments go to the damages sought by Petsmart, and he does not dispute that he or Dancor is liable to Petsmart. The Court finds that Policicchio has not asserted a valid defense to the merits of Petsmart's fraud claim, and Policicchio's arguments as to damages can be considered should the Court enter a default judgment against him.

The Court finds that Policicchio has not shown that his default was excusable or that he has a meritorious defense to Petsmart's fraud claim, and Policicchio's motion to set aside clerk's entry of default (Dkt. # 63) should be denied. The Court also finds that Petsmart's motion for default judgment against Policicchio (Dkt. # 102) should be granted. The parties dispute the amount of damages that Petsmart incurred due to Policicchio's misrepresentations concerning payments to subcontractors, and the Court will set a briefing schedule on the issue of damages. The parties are advised to submit any evidence in support of their arguments with their briefing.

**III.**

Plaintiff asks the Court to enter summary judgment against Dancor on plaintiff's claims of breach of contract and fraud.³ Dkt. # 107. Dancor's response to the motion for summary judgment was due no later than October 9, 2018, and no response has been been filed. Under LCvR 56.1, all material facts stated in plaintiff's motion for summary judgment shall be deemed admitted unless specifically controverted by the opposing party. Dancor has failed to file a response to plaintiff's motion for summary judgment, and all of the material facts stated in the motion for summary judgment are deemed admitted. The Tenth Circuit has considered the application of this local rule, and has determined that the district court "must still determine that summary judgment is appropriate" even though no response has been filed. Perez v. El Tequila, LLC, 847 F.3d 1247, 1254-55 (10th Cir. 2017). The Court must "determine the set of undisputed facts . . . [and] determine the legal consequences of these facts and the permissible inferences from them" regardless of whether a response to the motion for summary judgment has been filed. Id. at 1255.

Petsmart entered a contract with Dancor for the construction of a retail store to be located at the corner of 101st Street and South Memorial Drive in Tulsa, Oklahoma. Dkt. # 107, at 1; Dkt. # 39-1, at 2. The contract required Petsmart to make periodic payments to Dancor as the construction progressed, and Dancor was required to certify that it had paid subcontractors for work performed during the payment period. Dkt. # 107, at 2; Dkt. # 39-1, at 2. On December 1, 2016, Dancor submitted a request for payment and it certified that certain amounts had been paid to subcontractors. Dkt. # 107, at 2; Dkt. # 39-2. Dancor submitted a second request for payment on

---

³ Petsmart does not expressly request summary judgment on its claim of contractual indemnification and the Court will not consider that claim in this Opinion and Order.

December 27, 2016 and Dancor again represented that certain amounts had been paid to subcontractors. Dkt. # 107, at 2; Dkt. # 39-3. On January 27, 2017, Dancor submitted a third request for payment, and Petsmart paid a total of $1,186,596.26 to Dancor. Dkt. # 107, at 3; Dkt. # 87-1, at 38. However, Dancor had not paid the subcontractors and it placed the money paid by Petsmart into its general operating account. Id. Some of the subcontractors filed liens against Petsmart's property and Petsmart states that it was required to pay over $196,000 to discharge the liens. Dkt. # 107, at 4. Construction of the retail store was supposed to be completed no later than December 26, 2016, and the contract imposed liquidated damages of $500 per day after the substantial completion date if all items on the punch list were not completed. Dkt. # 107, at 4; Dkt. # 39-1, at 3. Dancor did not complete construction of the retail store until April 18, 2017, or 105 days after December 26, 2016. Dkt. # 107, 4-5; Dkt. # 87-1, at 48.

Based on these undisputed facts, the Court finds that summary judgment should be entered in favor of Petsmart on its claims of breach of contract and fraud. As a general matter, breach of contract is a "material failure of performance of a duty arising under or imposed by agreement." Milroy v. Allstate Ins. Co., 151 P.3d 922, 926 (Okla. Civ. App. 2006) (citations omitted). To prevail on a claim for breach of contract, a party must prove three elements: (1) existence of a contract; (2) breach of that contract; (3) actual damages suffered as a result of the breach. Oltman Homes Inc. v. Mirkes, 190 P.3d 1182, 1186 (Okla. Civ. App. 2008). There is no dispute that the parties entered a valid contract, and Dancor does not deny that the contract was breached due to its refusal to pay subcontractors or timely complete its work. The parties dispute the amount of damages, but this is not an impediment to the entry of summary judgment as to Dancor's liability for breach of contract. Petsmart also seeks summary judgment on its fraud claim against Dancor. Under Oklahoma law,

a plaintiff must prove by clear and convincing evidence four elements to prevail on a claim of fraud: "(1) a false misrepresentation of a material fact, (2) made as a positive assertion either known to be false or recklessly made without knowledge of the truth, (3) made with the intention of causing the other party to act, and (4) which is relied on by the other party to his or her own detriment." Gish v. ECI Servs. of Oklahoma, Inc., 162 P.3d 223, 228 (Okla. Civ. App. 2006). The evidence clearly establishes that Dancor represented to Petsmart that it had paid subcontractors and that Petsmart made periodic payments to Dancor based on these representations. Dancor's misrepresentation of this fact was intentional and was made to induce Petsmart to make payments to Dancor. The undisputed facts establish each of the essential elements of a fraud claim under Oklahoma law. The Court has already determined that additional briefing is necessary as to Petsmart's damages on its fraud claim against Policicchio, and the Court finds that the parties should also file supplemental briefing as to damages owed by Dancor.[4] Based on the Court's decision to grant Petsmart's motion for summary judgment, Petsmart's motions for default judgment against Dancor (Dkt. # 106) and motions to deem motions confessed (Dkt. ## 114, 115) are moot.

**IT IS THEREFORE ORDERED** that Daniel J. Policicchio, Sr.'s Motion to Vacate Entry of Default and Brief in Support (Dkt. # 63) is **denied**, and Petsmart's Motion for Default Judgment against Daniel J. Policicchio, Sr. and Brief in Support (Dkt. # 102) is **granted**.

---

[4] The declaration of plaintiff's counsel (Dkt. # 103) submitted in furtherance of Petsmart's motion for default judgment against Policicchio suggests that Petsmart is seeking punitive damages against Policicchio and Dancor. However, the mere fact that Policicchio or a representative of Dancor made a false statement does not by itself support an award of punitive damages, because this is the essence of a fraud claim and defendants are already liable to Petsmart for this conduct. Petsmart is advised that the Court will consider awarding punitive damages only if the defendants engaged in intentional or malicious conduct.

**IT IS FURTHER ORDERED** that Petsmart Inc.'s Motion for Summary Judgment against Dancor Construction, Inc., and Brief in Support (Dkt. # 107) is **granted**.

**IT IS FURTHER ORDERED** that the parties' simultaneous opening briefs as to plaintiff's damages are due no later than **November 15, 2018**, and simultaneous responses are due no later than **November 29, 2018**.

**IT IS FURTHER ORDERED** that all remaining deadlines in the scheduling order (Dkt. # 27), including the pretrial conference on October 26, 2018 and jury trial on November 19, 2018, are **stricken**.

**IT IS FURTHER ORDERED** that Plaintiff Petsmart's Motion to Deem Confessed Its Motion for Sanctions against Dancor Construction, Inc., and Supporting Brief (Dkt. # 114) and Plaintiff Petsmart's Motion to Deem Confessed Its Motion for Summary Judgment against Dancor Construction, Inc., and Supporting Brief (Dkt. # 115) are **moot**.

**IT IS FURTHER ORDERED** that Petsmart's motion for sanctions (Dkt. # 106) previously referred to the magistrate judge is moot in light of the rulings herein. The referral of the motions for sanctions (Dkt. # 106) is **withdrawn**, and Petsmart's Rule 37(b) Motion for Default Judgment against Dancor Construction, Inc. for Dancor's Repeated Defiance of this Court's Orders [Doc. ## 73, 77, 81, 92], and Brief in Support (Dkt. # 106) is **moot**.

**DATED** this 22nd day of October, 2018.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE